IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-308-BO

| | | |
|---|---|---|
| MELVIN GRIFFIN, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| CHARTER COMMUNICATIONS SHORT | ) | |
| TERM DISABILITY PLAN, | ) | |
|     Defendant. | ) | |

This cause comes before the Court on cross-motions for summary judgment. A hearing was held before the undersigned on October 17, 2018, and the matters are ripe for ruling. For the reasons that follow, defendant's motion for summary judgment is granted and plaintiff's motion for summary judgment is denied.

## BACKGROUND

Plaintiff seeks a declaration of entitlement to short-term disability benefits pursuant to the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(a)(1)(B), as well as attorney fees and costs pursuant to 29 U.S.C. § 1132(g). During the relevant time period, plaintiff was employed by Charter Communications as a Time Warner Cable Customer Care Rep I. [DE 39-1] AR 74.[1] Plaintiff's job required that he be able to, *inter alia*, effectively present information and respond to questions from groups of managers, clients, customers, and the general public, as well as work in a fast-paced environment, maintain professional customer service skills at all times, perform basic mathematical calculations, be able, to the extent possible, to anticipate and prevent problems, and apply good judgment. AR 74-75.

---

[1] Citations to the administrative record relied upon by the parties are to the "Charter" page numbers imposed.

Plaintiff ceased work as a Customer Care Rep I in December 2016 due to depression and hypertension, and filed a claim for short-term disability benefits. AR 19; 187. In order to qualify for short-term disability benefits under the defendant-plan, a claimant must be unable to perform the essential duties of his or her occupation. AR 402. On December 15, 2016, Luvae Southerland, P.A.C., completed an attending physician statement which indicated that plaintiff suffered from headache, fatigue, loss of concentration, depression secondary to family stresses, and extreme hypertension. AR 152-54. P.A. Southerland indicated that plaintiff would have a limited attention span and would be unable to concentrate at work, and indicated that plaintiff should stay home from work from December 2, 2016, to March 9, 2017. On January 4, 2017, Eric Mizelle, M.D., a psychiatrist, completed an attending physician statement on plaintiff's behalf, diagnosing plaintiff with severe major depressive disorder and indicating that plaintiff's functioning was poor and that his medications needed time to work. AR 122-27.

On January 9, 2017, plaintiff was approved for short-term disability benefits from December 8, 2016, through January 8, 2017. AR 108. The approval letter informed plaintiff that, in order to determine whether his disability qualified him for additional short-term disability benefits, plaintiff would need to provide updated return to work information and provide updated medical documentation on or before January 16, 2017. AR 108. On January 17, 2017, P.A. Southerland completed a second attending physician statement on plaintiff's behalf. AR 99-101. P.A. Southerland again opined that plaintiff would be unable to return to work until March 9, 2017, and noted that plaintiff should continue to have monthly monitoring for blood pressure and depression. P.A. Southerland did not indicate any objective or clinical findings to warrant disability, nor list any specific job functions plaintiff would not be able to perform, although she indicated that plaintiff would be unable to perform job functions due to his condition.

2

Plaintiff's short-term disability benefits were extended through January 23, 2017, and plaintiff was asked to provide additional records in support of his claim by January 31, 2017. AR 91. Plaintiff was informed that absent additional medical information no additional benefits would be paid.

On February 1, 2017, defendant denied short-term disability benefits as of January 24, 2017, noting that no additional information had been received to support continued disability beyond January 23, 2017. AR 85. Plaintiff administratively appealed the denial of benefits on February 28, 2017. AR 82. In his appeal, plaintiff stated that all documents in support of his claim were being submitted and that the doctors' paperwork had been sent in late.

In support of his appeal, plaintiff submitted notes from a follow-up visit with Dr. Mizelle which occurred on January 31, 2017. AR 63. Dr. Mizelle noted that plaintiff had improved although was now dealing with the death of another person close to him. Plaintiff saw Dr. Mizelle again on February 28, 2017. AR 53-55. Dr. Mizelle assessed plaintiff as getting better but not at baseline. P.A. Southerland completed an attending physician statement on March 13-14, 2017. AR 44-49. P.A. Southerland opined that plaintiff would be able to return to work on April 14, 2017, but did not list any specific job functions that plaintiff would be unable to perform.

Patrick Young, M.D., a psychiatrist, reviewed plaintiff's file at the request of the claims administrator. AR 28-30. Dr. Young reviewed the medical record and attempted to contact Dr. Mizelle on three occasions without success. AR 27. Dr. Young attempted to contact P.A. Southerland on four occasions, and was successful in reaching her on the fourth occasion. *Id.* P.A. Southerland informed Dr. Young on March 20, 2017, that she was not seeing plaintiff for mental health issues and that the main issue she was dealing with was plaintiff's high blood pressure; P.A. Southerland deferred any opinion about whether plaintiff was impaired for the days

3

in review. AR 28. Pamil Sidhu, M.D., a family medicine doctor, also reviewed plaintiff's claim. AR 18-23. Dr. Sidhu also attempted to contact Dr. Mizelle and P.A. Southerland several times, all without success. AR 19. Dr. Sidhu concluded that plaintiff did not have any impairments as a result of his hypertension, and noted there was no evidence of a fundoscopic or neurological exam to support the presence of impairments from elevated blood pressure.

By letter dated March 27, 2017, defendant denied plaintiff's administrative appeal of the denial of his short-term disability claim effective January 24, 2017, through plaintiff's return-to-work date of April 24, 2017. AR 4; 7. The denial letter stated that the medical information in the file did not support that plaintiff would be unable to perform his occupation. AR 6. Plaintiff file this action on June 22, 2017, seeking short-term disability benefits from January 24, 2017, to April 24, 2017. [DE 1].

## DISCUSSION

The parties are before the Court on cross-motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986).

"It is well-established that a court reviewing the denial of disability benefits under ERISA initially must decide whether a benefit plan's language grants the administrator or fiduciary discretion to determine the claimant's eligibility for benefits, and if so, whether the administrator

4

acted within the scope of that discretion." *Gallagher v. Reliance Stand. Life Ins. Co.*, 305 F.3d 264, 268 (4th Cir. 2002), *as amended* (Oct. 24, 2002). Here, the parties agree that the disability plan provides the claims administrator with the discretion to interpret the plan language and determine benefit eligibility, and thus that this Court reviews the decision to deny continued short-term benefits for abuse of discretion. *See Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 111 (1989); *Griffin v. Hartford Life & Accident Ins. Co.*, 898 F.3d 371, 378 (4th Cir. 2018).[2]

When determining whether a plan administrator or fiduciary abused its discretion, a court considers, but is not limited to, such factors as:

> (1) the language of the plan; (2) the purposes and goals of the plan; (3) the adequacy of the materials considered to make the decision and the degree to which they support it; (4) whether the fiduciary's interpretation was consistent with other provisions in the plan and with earlier interpretations of the plan; (5) whether the decisionmaking process was reasoned and principled; (6) whether the decision was consistent with the procedural and substantive requirements of ERISA; (7) any external standard relevant to the exercise of discretion; and (8) the fiduciary's motives and any conflict of interest it may have.

*Booth v. Wal-Mart Stores, Inc. Associates Health and Welfare Plan*, 201 F.3d 335, 342-43 (4th Cir. 2000). A court cannot disturb the policy administrator's decision if it was reasonable, even if the court would have reached a different conclusion. *Id.* at 341. "The administrator's decision is reasonable if it is the result of a deliberate, principled reasoning process and if it is supported by substantial evidence, which is evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *DuPerry v. Life Ins. Co. of N.A.*, 632 F.3d 860, 869 (4th Cir. 2011) (internal quotations and citations omitted); *see also Griffin*, 898 Fed. at 381.

The decision to deny plaintiff's claim for continued short-term benefits was reasonable and not an abuse of the claims administrator's discretion. Plaintiff's argument that the decision to deny

---

[2] There is further no dispute regarding the relevant provisions of the disability plan, and thus the Court's consideration is limited to determining whether the claims administrator abused its discretion in denying plaintiff's continued eligibility for short-term disability benefits.

5

benefits was not reasonable centers on *Booth* factors three and five, specifically Dr. Young's and Dr. Sidhu's failure to contact Dr. Mizelle to discuss plaintiff's psychiatric care prior to rendering their opinions. Both reviewing physicians attempted to contact Dr. Mizelle three times, by fax and by phone, prior to rendering their opinions. AR 19; 27. The cases on which plaintiff relies in making his argument are distinguishable from this matter because those cases involved plan administrators who were "willfully blind" to evidence and accessible information which might support a successful claim. *Harrison v. Wells Fargo Bank, N.A.*, 773 F.3d 15, 21 (4th Cir. 2014); *see also Wilkinson v. Sun Life & Health Ins. Co.*, 674 F. App'x 294, 301 (4th Cir. 2017). Here, however, Drs. Young and Sidhu made reasonable attempts to contact Dr. Mizelle by sending faxes and leaving voicemail messages, each on three separate occasions. While plaintiff correctly argues that the claims administrator could have notified him that it had been unsuccessful in reaching Dr. Mizelle, *see Harrison*, 773 F.3d at 21 (notifying a claimant of missing information material to success of claim proper in the course of a full and fair review), it cannot be said that contacting a physician six times over a period of days did not satisfy the claims administrator's duty to retrieve and consider relevant information, which was not readily available given the unresponsiveness of Dr. Mizelle. *Berry v. Ciba-Geigy Corp.*, 761 F.2d 1003, 1008 (4th Cir. 1985). Additionally, the reviewing physicians had in the record Dr. Mizelle's notes and statements, and plaintiff had been notified repeatedly that he must provide continued evidence of disability and failed to do so. *Elliott v. Sara Lee Corp.*, 190 F.3d 601, 608 (4th Cir. 1999).

Moreover, substantial evidence supports the claims administrator's decision. Two peer review physicians reviewed the full medical record and determined that as to both his psychiatric impairments and hypertension, the record did not support ongoing disability for plaintiff's occupation from January 24, 2017, forward. As to the hypertension finding, to which the Court

would note plaintiff does specifically object, Dr. Sidu pointed to blood pressure readings within normal range on January 17, 2017, January 31, 2017, and February 28, 2017. AR 21. As to the psychiatric finding, Dr. Young relied on Dr. Mizelle's reports of plaintiff feeling better, his alert and oriented status, appropriate affect, and logical, goal directed, and coherent thought processes. AR 30. Dr. Young noted that there were limited records pertaining to plaintiff's psychiatric findings during the relevant time period and no mental status exam findings which addressed specific impairments.

Treating physician opinions are not accorded greater weight than reviewing physician opinions in ERISA claims. *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 825 (2003). When a claims administrator is confronted with conflicting medical opinions, denial of benefits is not an abuse of discretion. *Booth*, 201 F.3d at 345 (citing *Elliott*, 190 F.3d at 606). Here, the claims administrator was confronted with conflicting opinions and elected to deny plaintiff's claim for continued benefits. The Court finds that the undisputed record supports that the decision of the claims administrator was reasoned and was not an abuse of discretion.

## CONCLUSION

Accordingly, plaintiff's motion for summary judgment [DE 24] is DENIED and defendant's amended motion for summary judgment [DE 37] is GRANTED. The clerk is DIRECTED to enter judgment in favor of defendant and close the case.

SO ORDERED, this ___ day of December, 2018.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE

7